IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JEEF BONHOMME,<br><br>　　　Defendant. | INDICTMENT NO.:<br><br>1:16-cr-284-WSD-JKL |

## FINAL REPORT AND RECOMMENDATION

Before the Court is the issue of whether Defendant Jeef Bonhomme is competent to stand trial. For the reasons below, the undersigned **RECOMMENDS** that Defendant be declared **NOT COMPETENT TO STAND TRIAL** and **NOT RESTORABLE**. The undersigned further **RECOMMENDS** that the Attorney General be **DIRECTED** to effect formal certification regarding Defendant's dangerousness under 18 U.S.C. § 4246.

**I.   Background**

Defendant is charged in this case with two counts of mailing threatening communications in violation of 18 U.S.C. § 876(c). [Doc. 9.] Following Defendant's initial appearance, Magistrate Judge Alan J. Baverman ordered that

1

Defendant undergo psychiatric evaluation to address Defendant's competence to stand trial. [Doc. 20.]

On February 9, 2017, I held a hearing regarding the Defendant's competency after receiving Dr. Joseph S. Zonno, Ph.D.'s forensic mental health evaluation of the Defendant dated December 6, 2016. [Doc. 26.] I found by a preponderance of the evidence that the Defendant was at the time suffering from a mental disease or defect that made him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. [Doc. 27.] Consequently, I ordered the Defendant committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d) for hospitalization and treatment in connection with further evaluation of the Defendant's mental competency.

On June 23, 2017, Warden J.C. Holland provided the Court and counsel with a further evaluation conducted by Dr. Kristina P. Lloyd, Psy. D., a forensic psychologist at the Mental Health Department at the Federal Medical Center in Butner, North Carolina ("FMC Butner"). On July 10, 2017, I held a status conference concerning Dr. Lloyd's report. At the conference, counsel for the parties agreed that the Defendant is not competent to proceed and that he is

unlikely to be restored to competency for the reasons stated in Dr. Lloyd's report. Dr. Lloyd's report alluded to the possibility of forced medication pursuant to *Sell v. United States*, 539 U.S. 166 (2003), but the Government conceded that the forced administration of medication is not warranted in this case. Finally, the parties agreed that the Defendant should be evaluated to determine if he is "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(a).

## II. Discussion

Section 4241 authorizes the hospitalization and treatment of a defendant who has been determined to be not competent to determine whether there is a substantial probability that the defendant will attain the capacity to permit the proceedings to go forward. If at the end of the period of hospitalization it is determined that the defendant's mental condition has not so improved to permit proceedings to go forward, then the defendant is subject to the provisions of 18 U.S.C. §§ 4246 and 4248.[1]  18 U.S.C. § 4241(d).

---

[1] 18 U.S.C. § 4248, which pertains to the civil commitment of sexually dangerous persons, is not applicable here.

As noted above, the parties agree that Defendant is not competent to stand trial and that it is likely that his competency will not be restored. Dr. Lloyd's detailed forensic evaluation amply supports this conclusion. Having reviewed and considered Dr. Lloyd's report and heard from counsel that there is no dispute on that issue, I concur that Defendant is not competent to stand trial and is not restorable.

Because I have determined that Defendant's mental condition has not improved so as to permit proceedings to go forward, he is subject to the provisions of 18 U.S.C. § 4246. 18 U.S.C. § 4241(d). Section 4246(a) provides as follows:

> If the director of a facility in which a person is hospitalized certifies that a person . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is

> presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

In other words, if the director of FMC Butner determines that, because of some mental disease or defect, Defendant's release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for state custody and care of the person are not available, then the director must issue a certification of dangerousness to the clerk of court of the United States District Court for the Eastern District of North Carolina (the district in which Defendant is presently confined).

Accordingly, I recommend that the Attorney General be directed to ensure that a formal certification under 18 U.S.C. § 4246 be made by the director of FMC Butner.

### III. Conclusion

For the reasons stated above, I **RECOMMEND** that Defendant be declared **NOT COMPETENT TO STAND TRIAL AND NOT RESTORABLE** and that the Attorney General be **DIRECTED** to effect a formal certification regarding Defendant's dangerousness under 18 U.S.C. § 4246(a).

IT IS SO RECOMMENDED this 13th day of July, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge