# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.                                                          1:16-cr-284-WSD

JEEF BONHOMME,

          Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins, III's Amended Report and Recommendation [35] ("R&R"), which recommends that Defendant Jeef Bonhomme ("Defendant") be declared not competent to stand trial and not restorable. The Magistrate Judge recommends further that the Court direct the Attorney General to ensure that the director of the Federal Medical Center at Butner, North Carolina ("FMC Butner"), determines, under 18 U.S.C. § 4246(a), whether a certification of dangerousness should be issued. The parties waived their rights to file objections to the R&R. ([36]).

I.   **BACKGROUND**

On August 2, 2016, a federal grand jury returned an indictment [9] charging Defendant with two counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c).

On August 15, 2016, Magistrate Judge Alan J. Baverman granted the Government's unopposed motion and ordered Defendant, under 18 U.S.C. § 4241(b), to undergo psychiatric evaluation to address Defendant's competence to stand trial.  ([20]).

On December 6, 2016, Dr. Joseph S. Zonno, Ph.D., a forensic psychologist at FMC Butner, issued his forensic mental health evaluation of Defendant. Dr. Zonno found that Defendant was exhibiting symptoms of a psychotic disorder that interferes with his ability to understand the proceedings against him, communicate effectively with counsel, assist in his own defense, evaluate evidence, and maintain appropriate courtroom behavior.

On February 9, 2017, Magistrate Judge Larkins conducted a hearing regarding Defendant's competency.  Defendant refused to attend the hearing. After considering Dr. Zonno's evaluation and the argument of counsel at the hearing, Magistrate Judge Larkins found, by a preponderance of the evidence, that Defendant was presently suffering from a mental disease or defect rending him

mentally incompetent to the extent that he is unable to understand the nature of the consequences of the proceedings against him or to assist properly in his defense. (February 9, 2017, Order [27] at 1-2). Magistrate Judge Larkins, pursuant to 18 U.S.C. § 4241(d), committed Defendant to the custody of the Attorney General for hospitalization and treatment in connection with further evaluation of Defendant's mental competency. (Id. at 2).

On June 23, 2017, Warden J.C. Holland provided the Court and counsel with a further evaluation of Defendant performed by Dr. Kristina P. Lloyd, Psy. D., a forensic psychologist at FMC Butner. Dr. Lloyd found that Defendant's mental condition continued to render him not competent to stand trial.

On July 10, 2017, Magistrate Judge Larkins conducted a status conference to consider Dr. Lloyd's report. Based on Dr. Lloyd's report, counsel for the parties agreed that Defendant is not competent to proceed and that he is unlikely to be restored to competency, and the Government conceded that forced administration of medication is not warranted in this case. (R&R at 3). The parties also agreed that Defendant should be evaluated, pursuant to 18 U.S.C. § 4246(a), to determine if he is "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."

3

On July 19, 2017, Magistrate Judge Larkins issued his R&R. The Magistrate Judge concluded, based on Dr. Lloyd's report, that Defendant is not competent to stand trial and it is not likely that his competency will be restored. Because Defendant's mental condition has not improved to permit proceedings to proceed, Magistrate Judge Larkins recommended that the Court direct the Attorney General to ensure that the director of FMC Butner determines, under 18 U.S.C. § 4246, whether a certification of dangerousness should be issued.

On July 31, 2017, the parties "waive[d] their respective rights to file objections to the [R&R]." ([36]).

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made

by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

There are no objections to the R&R, and the Court conducts a plain error review of the record.

    B.    Legal Framework

Pursuant to 18 U.S.C. § 4241,

> If, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility–
>
> > (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
> >
> > (2) for an additional reasonable period of time until–
> >
> > > (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he

> > will attain the capacity to permit the proceedings to go forward; or
>
> > (B) the pending charges against him are disposed of according to law;
>
> whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d).[1] Under section 4246,

> If the director of a facility in which a person is hospitalized certifies that a person . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

18 U.S.C. § 4246(a).

---

[1] 18 U.S.C. § 4248 addresses civil commitment of sexually dangerous persons and does not apply in this case.

C.　Analysis

On February 9, 2017, Magistrate Judge Larkins conducted the competency hearing in this case. The Magistrate Judge found, by a preponderance of the evidence, based on Dr. Zonno's evaluation and counsel's arguments, that Defendant was presently suffering from a mental disease or defect that made him unable to understand the nature of the consequences of the proceedings against him or to assist properly in his defense. After hospitalization and further evaluation of Defendant's mental competency, including based on Dr. Lloyd's report, the Magistrate Judge found, and the parties agree, that Defendant is not competent to stand trial and it is not likely that his competency will be restored, including by forced medication. The Magistrate Judge recommended that Defendant be declared not competent to stand trial and not restorable. See 18 U.S.C. § 4241. Because Magistrate Judge Larkins found that Defendant's mental condition has not so improved as to permit the proceedings in this case to proceed, he recommended that the Court direct the Attorney General to ensure that the director of FMC Butner determines, under 18 U.S.C. § 4246(a), whether to issue a certification of dangerousness.

Having reviewed the record, and in view of the parties' agreement that Defendant is not competent to stand trial and is not restorable, the Court finds no error in the Magistrate Judge's findings and recommendations.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins, III's Amended Report and Recommendation [35] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Jeef Bonhamme is declared **NOT COMPETENT TO STAND TRIAL AND NOT RESTORABLE**.

**IT IS FURTHER ORDERED** that the Attorney General is **DIRECTED** to ensure that the director of the Federal Medical Center at Butner, North Carolina, determines, under 18 U.S.C. § 4246(a), whether a certification of dangerousness should be issued.

**SO ORDERED** this 4th day of August, 2017.

_WILLIAM S. DUFFEY, JR._
UNITED STATES DISTRICT JUDGE